HELEN NICHOLS, RESPONDENT, v. R. A. SCHLEUSNER AND KYRL BOLDT, APPELLANTS.—59 S. W. (2d) 708.

St. Louis Court of Appeals. Opinion filed May 2, 1933.

*Walter Wehrle* for appellants.

*Otto F. Karbe* and *Albert E. Hausman* for respondent.

McCULLEN, J.—This is an action for damages for personal injuries alleged to have been sustained by plaintiff (respondent) as the result of a collision of two automobiles, in one of which plaintiff was riding as a guest. A trial before the court and a jury resulted in a verdict and judgment for plaintiff and against both defendants (appellants) in the sum of $2500. Defendants bring the case to this court by appeal.

Defendants contend that plaintiff's instructions numbered 1 and 2, given by the court, were erroneous.

One of the assignments of negligence in the petition charged in substance, that on September 6, 1930, plaintiff was a passenger or guest in an automobile which was being driven west on Gannon Avenue, at its intersection with the North and South Road, both public highways in the County of St. Louis, Missouri, and that defendants' servant drove defendants' automobile at a rate of speed which was high, negligent and dangerous under the circumstances, thereby causing defendants' automobile to strike the automobile in which plaintiff was riding.

Another assignment alleged in substance, that as the automobile in which plaintiff was riding was being driven westwardly in Gannon Avenue, it came to and entered the intersection of North and South Road prior to the time that defendants' automobile entered said intersection, and that defendants' servant carelessly and negligently failed to permit the automobile in which plaintiff was riding, to have

the right of way across said intersection, and carelessly and negligently caused defendants' automobile to strike the automobile in which plaintiff was riding.

There were averments in the petition charging that the alleged negligence of defendants directly caused the automobile in which plaintiff was riding, to be overturned, whereby plaintiff was injured.

Defendants filed a joint and separate amended answer, containing a general denial, coupled with allegations charging plaintiff with contributory negligence in allowing herself to be conveyed in an automobile driven at a high and reckless rate of speed into the intersection mentioned, and in permitting herself to be conveyed in an automobile that failed to stop before entering the intersection, and which suddenly entered said intersection without the driver thereof sounding a horn or giving any warning. The amended answer further alleged that plaintiff's injuries, if any, were caused solely, directly and proximately by the negligence of Marie Francis, the driver of the car in which plaintiff was riding, in operating her automobile at a high and dangerous rate of speed, failing to obey the stop sign on Gannon Avenue, and by entering the intersection at an excessive rate of speed without sounding her horn or giving any other warning.

The evidence for plaintiff tended to show that plaintiff was riding in a four passenger closed Studebaker automobile (hereinafter called Francis automobile) driven by Mrs. Marie Francis, at about five o'clock in the afternoon of September 6, 1930. As the Francis automobile, going westwardly in Gannon Avenue, approached the North and South Road, it was moving at a rate of about eight or ten miles an hour. Plaintiff was seated beside Mrs. Francis. Plaintiff looked to the north and south to see if an automobile was coming in either direction. She said she could see a distance of 175 to 200 feet. She saw no car coming from the north at that time. The Francis automobile then started across the North and South Road, and when plaintiff looked again she saw an automobile approaching, which was then about seventy-five feet to the north. The Francis automobile was at that time in the center of the North and South Road on Gannon Avenue. Plaintiff said to Mrs. Francis, ''Look out, he is going to hit us;'' and Mrs. Francis put on more speed to get out of the way. The Francis automobile, according to plaintiff's testimony, was across the intersection when defendants' automobile struck it on the rear fender, causing it to swerve and finally turn over on its left side about forty feet west of the intersection. There was no stop sign on Gannon Avenue at the intersection on the day of the accident, according to the testimony of plaintiff and another witness, although it appears from other testimony that a stop sign was put up at that place after the accident.

Mrs. Marie Francis, the driver of the automobile in which plaintiff

was riding at the time of the collision, testified that as the Francis automobile approached the intersection it was going about eight miles an hour. When she was at the intersection, Mrs. Francis looked to the right and to the left. She could see about a block to the north. She did not see anything and proceeded across. She looked north again when she was about midway across the black line in the center of the North and South Road, and saw defendants' automobile approaching from the north about seventy feet away, moving at the rate of about forty-five miles per hour. The Francis automobile at this time, she said, was going not over ten miles per hour. She said she could have stopped her automobile within six feet after she first saw defendants' automobile, but that if she had stopped then, she would have been directly in line of the approaching car. She testified that the right rear part of her automobile was struck by defendant's automobile. Her car swerved to the left, turned around and went over on its left side, facing east. Defendants' automobile, she said, stopped about 125 or 150 feet south of the intersection after the collision. Mrs. Francis said she did not swerve her automobile nor apply her brakes. When she saw defendants' automobile seventy-five feet away, she stepped on the gas and tried to get out of the way.

The evidence showed that Gannon Avenue, and North and South Road, are concrete paved streets. Gannon Avenue is eighteen to twenty feet wide and runs east and west. Approaching the North and South Road from the east there is a slight down grade on Gannon Avenue, while the North and South Road is almost level. North and South Road is twenty feet wide and runs north and south.

Edward Corner, driver of defendants' automobile, a chevrolet delivery truck, testified that he was employed by defendants as a chauffeur to call for and deliver clothing, defendants being engaged in the cleaning and dyeing business. On the day mentioned he had made some deliveries and was returning to the store of defendants when the collision occurred. He entered the North and South Road one mile north of Gannon Avenue, driving southwardly on the right side thereof, and when he first saw the Francis automobile he was ten or twelve feet north of the north line of Gannon Avenue. There was not traffic ahead of him proceeding southwardly. He testified that he was driving about forty miles an hour. As he neared Gannon Avenue, he saw the Francis automobile proceeding west on Gannon Avenue, traveling about thirty-five or forty miles an hour. When he first saw the Francis automobile, it was about ten or twelve feet from the corner. He said it did not stop, slow down or sound any horn, and when he saw it was not going to stop, he swerved to the left to go in back of it and applied his brakes. There were no buildings on the east side of the North and South Road north of Gannon Avenue. He could not remember his exact position when he first looked to see

whether or not an automobile was coming on Gannon Avenue. The collision, he said, took place at the center of the intersection. He testified:

"My right wheels were over the middle line, they were east of the middle line. I went, I should say, about fifteen or eighteen feet after I first saw her until the impact. Prior to the time I saw her I was looking right up the road. I applied my brakes when I first saw her. I do not know whether they locked or not."

He said his automobile stopped about seventy-five feet south of Gannon Avenue.

Plaintiff's Instruction No. 1 required the jury to find from the evidence, certain preliminary facts not necessary to be set forth here, and then went on as follows:

"And if you further find and believe from the evidence that as the automobile in which the plaintiff was riding was driven across the intersection of North and South Road and Gannon Avenue, the automobile of the defendants so driven by its agent and servant was caused and permitted to proceed southwardly on North and South Road at a rate of speed of approximately forty or forty-five miles per hour,

"And if you find that such rate of speed, if you find it was so driven at said rate of speed, was negligent and dangerous under all the circumstances in evidence, and that because said automobile of the defendants was so driven at the above mentioned rate of speed, provided you find it was so driven at said above mentioned rate of speed, it was directly caused to strike the automobile in which the plaintiff was riding, and injure her, and if you find that the plaintiff at the time was exercising ordinary care for her own safety, as that term is defined with reference to the plaintiff in another instruction given herein, then your verdict will be for the plaintiff and against the defendants, even though you may find and believe that Marie Francis, the driver of the automobile in which plaintiff was riding was guilty of negligence that directly contributed to cause the collision."

The point is made, but not pressed in the argument, that the foregoing instruction is erroneous because it assumed that plaintiff was entitled to recover even though her injuries were caused solely, directly and proximately by the negligence of Marie Francis, driver of the automobile in which plaintiff was riding. It is sufficient to say that a reading of the instruction itself shows it is not open to this objection.

It is next urged by counsel for defendants that the court erred in giving plaintiff's Instruction No. 2. After requiring the jury to find from the evidence certain preliminary facts, the instruction goes on as follows:

"And if you find and believe from the evidence that the automobile in which plaintiff was riding reached the intersection on North and South Road with Gannon Avenue and entered said intersection, prior

to the time that the automobile of the defendants reached the intersection of Gannon Avenue with North and South Road.

"The court instructs you that it became and was the duty of the agent and servant in charge of the defendants' automobile to permit the automobile in which the plaintiff was riding to have the right of way from east to west across the intersection of said Gannon Avenue with said North and South Road.

"And if you believe and find from the evidence that the agent and servant in charge of the defendants' automobile did carelessly and negligently fail to permit the said automobile in which plaintiff was riding to have the right of way across said intersecting roads, provided you find and believe from the evidence that the automobile in which plaintiff was riding reached the intersection of said roads mentioned and entered said intersection prior to the time the defendants' automobile reached said intersection.

"And if you find that the defendants' agent and servant in charge of said automobile did carelessly and negligently cause and permit the automobile which he was driving to proceed across said intersection of Gannon Avenue with said North and South Road after he saw, or by the exercise of the highest degree of care could have seen that said automobile in which plaintiff was riding had the right of way as hereinbefore set forth, and that thereby the defendants' automobile was directly caused to strike the automobile in which the plaintiff was riding, and injure her,  -

"And if you find that plaintiff was at the time exercising ordinary care for her own safety as that term is defined in another instruction given herein,

"Then your verdict will be for the plaintiff and against the defendants, even though you may find and believe from the evidence that Marie Francis, the driver of the automobile in which plaintiff was riding, was guilty of negligence that directly contributed to cause the collision."

Counsel for defendants urge that this instruction is erroneous because it told the jury that regardless of the speed at which the driver of the automobile in which plaintiff was riding was operating her automobile at the intersection, and regardless of the manner in which she entered the intersection, if her automobile, as a matter of time, entered the intersection prior to the time that defendants' automobile entered the intersection, plaintiff should recover. In support of this contention counsel for defendants cite Brooks v. Menaugh (Mo.), 284 S. W. 803, and Brooks v. Menaugh (Mo. App.), 10 S. W. (2d) 327. We have examined the cases cited, and find nothing therein which would justify us in holding that the instruction in the case at bar is erroneous.

The opinion in the second above mentioned case does not deal with

an instruction on the right of way at an intersection. It is, therefore, necessary to consider only the first mentioned Brooks case. In that case plaintiff, Mrs. Brooks, brought suit against Menaugh, her son-in-law, in whose car she was riding as a passenger. She also named as defendant, Westley Dent, the driver of another car, alleging negligence on the part of both defendants. There was a verdict for both defendants and the plaintiff appealed. One of the instructions which *plaintiff* complained of was held by the court to be erroneous because, as the court said, the effect thereof was to direct a verdict for one of the *defendants* if he had the right of way, regardless of whether he was negligent in approaching the intersection, or in giving warning of his approach, or, in failing to exercise care *after* the danger of collision was apparent.

It can be readily seen that the Brooks case and the case at bar are entirely dissimilar. In the Brooks case, the *defendant*, Dent, driver of the *other car*, was liable, under the law, if his negligence either caused, or, *contributed* to cause plaintiff's injury, whether Dent had the right of way at the intersection or not. In this case plaintiff can recover if the negligence of defendants, owners of the *other car*, either caused, or *contributed* with the negligence of the driver of the car in which plaintiff was riding to cause the injury, regardless of whether the automobile in which plaintiff was riding had the right of way or not. In the Brooks case, plaintiff elected to sue the drivers of both cars. In the case at bar plaintiff has elected to sue only the owners of the *other car*. This she may do. [Becker v. Bradley, 321 Mo. 405, 413, 11 S. W. (2d) 8.] In the Brooks case, it was *plaintiff* who complained of an instruction given for defendant, Dent. In this case it is the defendants, owners of the *other car*, who complain of an instruction given for plaintiff. It is obvious that the law applicable to a defendant, driver of an automobile, charged with negligence in colliding with an automobile in which a plaintiff is riding, is entirely different from the law applicable to a plaintiff passenger in another automobile. Even though, in the case at bar, Marie Francis was negligent, that would not defeat plaintiff's cause of action against defendants if the negligence of their driver *contributed* to cause her injuries. Negligence of Marie Francis cannot be imputed to plaintiff. This was conceded in an instruction given for defendants.

The instruction given in the Brooks case, which was condemned by the Supreme Court, was erroneous because it failed to tell the jury that if Dent, the *defendant*, owner of the *other car*, arrived at the intersection first, and was *thereafter* guilty of negligence which *contributed* to cause plaintiff's injury, he should be held liable.

In the case at bar the situation is entirely different. The instruction in the case at bar, under the evidence, correctly declared the duty

imposed by statute, Section 7777, Clause I, Revised Statutes of Missouri 1929 (Mo. St. Ann., sec. 7777), upon the driver of defendants' automobile approaching the intersection, to give the right of way across the intersection to the automobile in which plaintiff was riding, provided the jury found and believed from the evidence that said automobile reached the intersection and entered it prior to the time defendants' automobile reached the intersection. Before the jury were authorized to return a verdict for plaintiff, they were required, by this instruction, to find and believe from the evidence that defendants' servant carelessly and negligently caused the automobile which he was driving, to proceed across the intersection of the two roads, *after he saw,* or by the exercise of the highest degree of care could have seen that said automobile in which plaintiff was riding had the right of way, provided they found from the evidence it did have the right of way, and thereby directly caused the collision. It further required the jury to find that plaintiff was exercising at that time ordinary care for her own safety.

Under the law applicable to cases involving concurrent negligence of two or more persons acting independently, the instruction correctly told the jury, after requiring them to find all the other necessary elements arising from the pleadings and evidence in the case, that their verdict should be for plaintiff and against the defendants, even though they believed that the driver of the automobile in which plaintiff was riding was also guilty of negligence that directly contributed to cause the collision. A defendant cannot be relieved from the consequences of his own negligence, on the ground that the concurring negligence of another contributed with his negligence to cause the injury. [Carr v. Auto Supply Co., 293 Mo. 562, 239 S. W. 827; Bradley v. Becker, 321 Mo. 405, 11 S. W. (2d) 8.]

We have examined the case of Stakelback v. Neff (Mo. App.), 13 S. W. (2d) 575, cited by counsel for defendants, and find nothing therein which would warrant us in holding the instruction in the case at bar erroneous. In that case the court held that an instruction was erroneous which required the defendant to stop, slacken the speed, or, swerve his automobile upon the mere appearance of another car, whether the facts were such as to give him reason to believe that a collision was imminent or not. The instruction in the Stackelback case was clearly erroneous, under the pleadings and facts therein, but we do not regard it as authority for holding the instruction in this case erroneous under the pleadings and the facts herein. Finding no errors in the instructions complained of, it follows that the judgment should be affirmed. It is so ordered. *Becker, P. J.,* and *Kane, J.,* concur.