243 S.W.2d 768 (1951)
RAYBURN
v.
FRICKE.
No. 28208.
St. Louis Court of Appeals, Missouri.
November 20, 1951.
Evans & Dixon, John F. Evans, and William W. Evans, all of St. Louis, for appellant.
Russell J. Horsefield, of St. Louis, for respondent.
LAWRENCE HOLMAN, Special Judge.
Plaintiff (respondent) instituted this action to recover damages in the amount of $7500 from defendant (appellant), for injuries to his person and damages to his automobile resulting from an intersectional collision of their automobiles. Defendant filed a counterclaim against plaintiff for her personal injuries alleged to have arisen out of the collision, seeking to recover the sum of $20,000. A jury, upon a trial of the cause, found for defendant on plaintiff's cause of action and for the plaintiff upon defendant's counterclaim. Defendant did not file a motion for new trial and therefore her counterclaim has been finally adjudicated. Plaintiff's motion for a new trial upon his action was sustained upon the ground, "that the Court erred in giving conflicting and confusing instructions which were unsupported by the evidence and prejudicial to the plaintiff." From this order of the trial court defendant has duly appealed.
Under Supreme Court rule 1.10 and the decision of this Court in Newman v. St. Louis Public Service Company, Mo.App., 238 S.W.2d 43, respondent has, on motion of appellant, been required to file the first brief and assume the burden of pointing to the erroneous instruction and to the error which it is purported to contain. He has complied with our order and has assigned a number of errors in his brief which he contends would have justified the new trial order. The view we take of the case makes it unnecessary to discuss but one.
*769 A brief statement of facts will be sufficient for an understanding of the issues here determined. Plaintiff and defendant were the only eyewitnesses and their testimony is in sharp conflict. The collision occurred on December 11, 1949, at the intersection of Cates and Clara Avenues in the City of St. Louis, Missouri, about 8 o'clock in the morning. Plaintiff testified that he was operating his 1939 Plymouth Coupe northwardly over Clara Avenue on the morning in question; that Cates Avenue, an east and west street, intersects Clara about two blocks from his home. When he reached a point 10 or 15 feet from the corner of this intersection he slowed down and looked toward the west, seeing the defendant's car about 150 feet west of the intersection proceeding eastwardly at 25 to 30 miles an hour. He shifted into second gear, looked straight ahead and started across, next seeing the defendant's car when it was practically "on top of him," at which time he tried to turn to the right to avoid a collision, but was unable to do so. His version is that the defendant's automobile struck his at a point at least five feet north of the middle of Cates Avenue on the left front wheel, which caused the back end of defendant's car to swing around and hit the left rear of plaintiff's car, causing a second impact. When plaintiff saw defendant's car just before the collision he estimated that its speed had increased to 50 miles per hour. There were no stop signs at either entrance to the intersection. It had rained that morning, but the dampness upon the streets did not seem to have any effect upon the operation of either automobile. As a result of the collision plaintiff's car came to rest in Cates Avenue about 100 feet east of Clara near the north curb and defendant's automobile stopped upon hitting a tree on the northeast corner of the intersection about 15 feet north of the curb of Cates Avenue; that at the time of the collision plaintiff's car was going from 10 to 15 miles per hour and at 15 miles per hour he could have stopped it in five to ten feet.
Defendant testified that as she drove eastwardly on Cates and approached the intersection in question she slowed down to a speed of about six miles per hour, shifted into second and looked to the right, seeing plaintiff's automobile 150 or 200 feet away and then looked to the left and proceeded into the intersection, not seeing plaintiff's automobile again until, "he hit me." That at the time of the collision she was going from 10 to 15 miles an hour and the right rear wheel of her automobile was struck by plaintiff's car when it was just across the center of the intersection. Defendant did not testify as to the speed of plaintiff's automobile when she first saw it, but estimated that it was going 35 to 40 miles an hour at the time of the impact. Plaintiff offered the testimony of police officers in impeachment of the defendant, who testified that they interviewed her shortly after the collision and that she stated that she was traveling 25 miles an hour and did not see the plaintiff's car until she was hit.
Plaintiff's case was submitted on primary negligence, the jury being directed to return a verdict for plaintiff upon a finding that defendant, (1) operated her automobile at a dangerous and excessive speed, or (2) failed to yield the right of way to plaintiff approaching from her right, as required by a city ordinance admitted in evidence, or (3) operated her automobile to the left of the center of Cates Avenue.
As a defense to plaintiff's cause of action, defendant pleaded contributory negligence on his part in a number of respects, one of which was, "That plaintiff saw, or by the exercise of the highest degree of care could have seen, defendant and the automobile which she was then and there operating in and approaching a position of imminent peril of being struck by the forward movement of said plaintiff's automobile, in time thereafter for said plaintiff, with the means and appliances at hand and with safety to himself and his automobile, to have stopped his said automobile, or slackened the speed thereof, or swerved the same, or given a warning of its approach, and thus and thereby have avoided striking the automobile which defendant was then and there operating."
In submitting this issue to the jury the court gave defendant's instruction No. 8, as follows: "* * * If you find and believe from the evidence that plaintiff was *770 operating his automobile northwardly on Clara Avenue, and that defendant, Flo Ann Fricke, was operating her automobile eastwardly on Cates Avenue; and if you further find that plaintiff, by exercising the highest degree of care, could have seen the automobile being operated by defendant in time thereafter to have stopped or slackened the speed of his own automobile and thereby avoided a collision, and that he failed to do so, and that in so failing he was negligent; and if you further find that such negligence, if any, of the plaintiff directly contributed to cause said collision, then you should find and return a verdict against plaintiff, Sam Rayburn, and in favor of defendant, Flo Ann Fricke, on plaintiff's cause of action, and this is true even though you may find and believe that defendant was also negligent, as submitted in other instructions given to you." Respondent contends that this instruction is erroneous in failing to require a finding that said collision was imminent or that there was immediate peril and danger of a collision before requiring plaintiff to either stop or check his speed; that there was no duty upon plaintiff to stop or slacken his speed merely because defendant's automobile was approaching the intersection, and the jury should have been required to find that plaintiff saw or could have seen defendant's automobile in such position of imminent peril as to require such slackening of his speed or stopping. That this instruction gave the jury a roving commission to make its own determination as to what constituted negligence on plaintiff's part.
It is significant that in drafting this instruction defendant failed to incorporate in it the allegation contained in her pleading set out above that plaintiff could have seen defendant's automobile in and approaching a position of imminent peril of being struck by the forward movement of plaintiff's automobile in time for plaintiff to have stopped, etc. This court ruled the precise question here involved in holding erroneous an almost identical instruction in Stakelback v. Neff, Mo.App., 13 S.W.2d 575. We quote from that opinion, 13 S.W. 2d at page 577, "Counsel for defendant submit that the above instruction is fatally erroneous, in that it placed a greater duty upon defendant than that required of him by law. It will be observed that the jury was directed under this instruction to find defendant guilty of negligence if, as he approached and entered Lucas avenue, he saw, or by the exercise of the highest degree of care could have seen, Foley's automobile being driven southeastwardly on Lucas avenue and across Jefferson avenue, and failed to stop, diminish the speed of, or change the course of, his own car. The precise contention is that defendant was thus incorrectly charged with the duty of stopping, slackening the speed of, or swerving, his automobile, upon the mere appearance of the other car, whether the facts and circumstances were such as to give him [any] reason to believe that a collision was imminent, or not.
"We cannot escape the conclusion that defendant's complaint in this respect is well founded. Even though it is true that this instruction counts upon primary negligence, and not the humanitarian doctrine, there was nevertheless no duty upon defendant to take any of the precautions hypothesized therein, unless there was apparent danger of a collision, which basic fact the jury was not required to find. It cannot be said that the law imposes the duty upon the driver of an automobile, upon approaching and entering an intersecting street, to stop, decrease the speed of, or change the course of, his car, merely because he sees another automobile in the street ahead of him. To the contrary, such duty to act would clearly not arise, unless the exercise of due care upon the part of the driver would lead him to believe that otherwise a collision would occur." This same principle has been adhered to in Rosenkoetter v. Fleer, Mo.Sup., 155 S.W.2d 157, Yates v. Manchester, 358 Mo. 894, 217 S.W.2d 541, and Devoto v. St. Louis Public Service Company, Mo.App., 238 S.W.2d 66.
Defendant argues that when Instruction No. 8 is considered in its entirety, together with the other instructions, it is not erroneous in the respects asserted by plaintiff, citing Sullivan v. Union Electric Light and Power Company, 331 Mo. 1065, 56 S.W.2d 97; Allen v. Purvis, Mo.App., 30 S.W.2d *771 196; Dietz v. Magill, Mo.App., 104 S.W.2d 707. An examination of these cases will reveal that they are all distinguishable upon the facts in evidence, as well as upon the instruction involved. Two of them discuss the case of Stakelback v. Neff, supra, and specifically distinguish it.
We are not unmindful of the force that might be attached to defendant's argument that the alleged omission in the instruction in question was cured by the requirement therein that plaintiff could have seen defendant's automobile and stopped or slackened his speed and "thereby avoided a collision and that he failed to do so and that in so failing he was negligent * * * and that such negligence directly contributed to cause said collision." It may well be asserted that such requirements would have implied that there must be a finding that the plaintiff was charged with knowledge that a collision was imminent before a duty arose to stop or slacken speed. However, we have been unable to escape the conclusion that this instruction is erroneous in the respects pointed out by plaintiff and that even after considering the requirements of these portions thereof, we must hold that the instruction still gave to the jury a roving commission to determine the question of plaintiff's contributory negligence without requiring the essential finding that plaintiff saw or could have seen that there was imminent danger of a collision with defendant's car, thereby creating a duty to stop or slacken his speed and thus avoid the same.
Finally, defendant strongly urges that the evidence discloses that plaintiff was guilty of contributory negligence as a matter of law and that her motion for a directed verdict should have been sustained and therefore plaintiff is not entitled to a new trial, even though errors may have occurred in the previous one. The cases cited by defendant in support of this proposition are Parkville Milling Company v. Massman, Mo.App., 83 S.W.2d 128, Yeaman v. Storms, 358 Mo. 774, 217 S.W.2d 495, and Claridge v. Anzolone, 359 Mo. 65, 220 S.W.2d 33. A careful reading of these cases leads us to the conclusion that each is based upon a different state of facts and they are not authority for defendant's contention herein.
The determination of contributory negligence ordinarily is a question for the jury and in passing upon this question as a matter of law we must take the view of the evidence most favorable to the plaintiff. In Albert H. Hoppe, Inc., v. St. Louis Public Service Company, Mo.App., 227 S. W.2d 499, under a state of facts which we consider less favorable to the plaintiff than exist in the instant case, we held that the plaintiff, having entered the intersection first, had no reason to anticipate that the defendant would not yield to him the right of way as required by the ordinance in force, and that he was not guilty of contributory negligence as a matter of law in proceeding across the intersection. The Supreme Court reversed this case on other grounds but specifically approved this portion of the opinion, 361 Mo. 402, 235 S.W. 2d 347. Another case involving similar circumstances is Ritzheimer v. Marshall, Mo. App., 168 S.W.2d 159, and in which the court reached the same result. The defendant herein makes the argument that the city ordinance in question relating to right of way applies only when vehicles reach the intersection at approximately the same time and that since plaintiff testified that he arrived at the intersection when defendant was 150 feet away the ordinance would have no application, and as there is no common-law rule as to right of way, the question of contributory negligence may be determined without reference to such question of right of way. In making this contention defendant has evidently overlooked the decision of this Court in Minnis v. William J. Lemp Brewing Company, Mo.App., 226 S.W. 999, 1000, in which we stated, "In the absence of laws or ordinances regulating the matter, two travelers have equal rights at a street intersection, and the one first at the crossing is entitled to the right of way, and he may proceed across, though he sees the other vehicle approaching, unless the other is so close to him or is coming at such a highly dangerous rate of speed that a collision should be anticipated."
*772 It seems clear to us that there was nothing in the facts and circumstances in evidence, when viewed most favorably to plaintiff, to indicate to him that defendant would not and could not slacken her speed or stop, thereby yielding the right of way as required by law, and thus avoid a collision. We therefore hold that the issue of plaintiff's contributory negligence was properly for the jury and that the court did not commit erreor in overruling the defendant's motions for a directed verdict.
The trial court properly granted a new trial upon plaintiff's cause of action because of the error in giving defendant's Instruction No. 8. The order of the court is therefore affirmed and the cause remanded for further proceedings.
BENNICK, P. J., and ANDERSON, J., concur.