Charles TAYLOR, a Minor, by His Duly Appointed Next Friend, His Father, Jack Taylor, Appellant,

v.

Lee ALEXANDER, Respondent.

No. 44589.

Supreme Court of Missouri, Division No. 1.

Nov. 14, 1955.

Cyril G. Baucke, Kansas City, for appellant.

Claude M. McFarland and W. Raleigh Gough, Kansas City, for respondent.

HYDE, Judge.

Action for $15,000 damages for personal injuries sustained in a collision between plaintiff's automobile and defendant's "pickup" truck at the intersection of United States Highway 40 and Manchester Road in Kansas City. Defendant also filed a counterclaim for $7,500 damages for his injuries and $450 for damages to his truck. Defendant had a verdict on plaintiff's claim and plaintiff had a verdict on defendant's counterclaim. Plaintiff has appealed from the judgment entered against him. The only allegation of error on this appeal is the giving of instruction No. 6 concerning plaintiff's contributory negligence.

Highway 40 pavement was 40 feet wide with four traffic lanes, two for east-bound traffic and two for west-bound traffic.

Plaintiff was driving west. Manchester pavement was 28 feet wide and goes north from Highway 40 but does not go south. There was a stop sign at the northwest corner of the intersection. Defendant was driving south on Manchester, intending to turn east on Highway 40. He said he stopped 4 to 6 feet from the north edge of the Highway, let a west-bound car go by, saw there was no east-bound traffic and saw plaintiff's car coming west down the hill between 500 to 600 feet to the east in the north lane. Defendant said he then started into the intersection and that 3 or 4 feet of his truck was south of the center line when it was struck by plaintiff's car at the door. He said plaintiff was going between 50 and 60 miles per hour and started to veer to the south when he was 150 or 200 feet away. Highway 40 was posted for 45 miles per hour. Defendant said he could have stopped his car within 5 or 6 feet but did his best to get across, because when he realized plaintiff's speed "there was one thing left to do, step on the gas and try to get out of the way."

Plaintiff testified he was driving 40 to 45 miles per hour, and, when he was about 100 feet east of the intersection, saw defendant's truck 25 to 30 feet north of Highway 40 slab. He said defendant slowed down but did not stop; that he sounded his horn about 30 feet from the intersection when defendant's truck was still north of the slab going slow; and that, about 20 feet from the intersection, when defendant did not stop he applied his brakes and swerved to the left. The collision occurred about 6:00 P.M. in February; cars' headlights were on and it was misting rain and snow.

Plaintiff submitted his case, in instruction No. 1, on a charge of primary negligence (violation of an ordinance on yielding to vehicles on a through street) instructing if "defendant failed to yield to plaintiff by driving his vehicle on to U. S. Highway No. 40, a through street, and into the path of plaintiff's vehicle when plaintiff's vehicle was approaching said intersection so closely as to constitute an immediate hazard, if you so find, and therefore violated said ordinance law, then the defendant was negligent in law." Instruction No. 6, given at defendant's request, was as follows: "The Court instructs the jury that, even though you find that defendant was negligent in some respect mentioned in these instructions, yet if you find and believe from the evidence that at said time and place the plaintiff was driving his automobile at a rate of speed of approximately 50 to 60 miles per hour and if you find and believe that under all the facts and circumstances then and there existing such a rate of speed was an excessive and dangerous rate of speed, and that in driving said automobile at such a rate of speed the plaintiff was guilty of negligence; or if you find and believe from the evidence that plaintiff failed to exercise the highest degree of care to keep his automobile as close to the right hand side of U. S. Highway 40 as was practicable; or if you find and believe from the evidence that plaintiff could have avoided the collision by slackening the speed of his automobile sufficiently to allow defendant's automobile to pass in front of his automobile but negligently failed so to do, and if you find and believe from the evidence that the plaintiff's negligence if any in any of the foregoing respects caused or contributed to cause the collision between the two vehicles at said time and place, then your verdict must be for the defendant upon plaintiff's cause of action herein."

Defendant submitted his counterclaim on humanitarian negligence of failure to avoid collision "either by slackening the speed of his automobile sufficiently to allow defendant's automobile to pass in front of him, or by keeping his (plaintiff's) automobile in the northernmost traffic lane of said U. S. Highway No. 40" after defendant had come into a position of imminent peril, if "plaintiff saw and knew, or by the exercise of the highest degree of care could have seen and known, that defendant was in such position of imminent peril." There was no issue of obliviousness.

The Court also gave instruction 2 authorizing a verdict for plaintiff on defendant's counterclaim if they found "that at the time and place mentioned in evidence

that as plaintiff approached Manchester Road in his said automobile he sounded his horn or signal on said automobile, he applied his brakes, swerved to the left and was exercising the highest degree of care in the operation of said automobile, and if you further find that the defendant drove his automobile out onto U. S. Highway No. 40 into the path of plaintiff's automobile so that plaintiff by the exercise of the highest degree of care could not avoid striking defendant's vehicle." The Court also gave instruction 4 as follows: "The Court instructs the jury that the terms 'negligent' and 'negligently,' as used in these instructions, means the failure to exercise the highest degree of care under the circumstances. The term 'highest degree of care' means that degree of care which would ordinarily be exercised by a very careful and prudent driver of an automobile under the facts and circumstances which you find existed in this case."

■ Plaintiff contents that instruction 6 is erroneous because "it does not require the jury to find thaat plaintiff believed that the collision would occur unless he exercised precaution to slacken his speed, after he knew that a collision was apparent", citing Stakelback v. Neff, Mo.App., 13 S.W. 2d 575; Wheeler v. Breeding, Mo.App., 109 S.W.2d 1237; and Brumback v. Simpson, Mo.Sup., 247 S.W.2d 635. (Of course, the important element would not be what plaintiff "believed" but instead what he should have known in the exercise of the highest degree of care.) Plaintiff also says there was no evidence that he failed to slacken his speed and that instruction 6 "did not instruct the jury to find the degree of care required of plaintiff in slackening the speed of his automobile", citing Mallow v. Tucker, Mo.Sup., 281 S.W.2d 848. As to this last contention it must be noted that instruction 6 required a finding that defendant *"negligently* failed" to slacken his speed sufficiently, etc.; and instruction 3 told the jury that the word "negligently" meant "failure to exercise the highest degree of care." Therefore, the jury was instructed as to the degree of care required. As to claimed lack of evidence to

support the submission, the facts as stated by both parties do show that plaintiff did not slacken the speed of his automobile sufficiently to allow defendant's truck to pass in front of it, so that there certainly was evidence to support that submission.

■ Although the required findings in this questioned alternative submission of instruction 6 are not as complete and definite as they should have been, nevertheless, in view of the reasonable construction and effect of all of the instructions read and considered together, we cannot find this instruction prejudicial error. In fact, since the jury found against defendant on his counterclaim submitting this failure to slacken speed as humanitarian negligence, it seems to be a reasonable conclusion that they found plaintiff's contributory negligence on another alternative. In both Brumback v. Simpson and Wheeler v. Breeding, supra, the car driving in front of the car traveling on the highway did not come on an intersecting street, as in this case, but from an adjoining open space which was not a traveled part of any street or highway. It was said, in those cases, the driver on the highway had the right to rely on the presumption that a driver in such a space would not drive suddenly onto the highway in front of him. In other words, foreseeability as to another car coming on to the highway in such a situation may be different from that in the case of an intersecting highway. However, each of these cases held that the question of contributory negligence of the plaintiff driving along the highway was for the jury so they are not in point on the question of whether instruction 6 in this case was prejudicial error.

In the Stakelback case, 13 S.W.2d, loc.cit. 577, an instruction concerning an intersection collision was held erroneous because the defendant was "incorrectly charged with the duty of stopping, slackening the speed of, or swerving, his automobile, upon the mere appearance of the other car, whether the facts and circumstances were such as to give him reason to believe that a collision was imminent, or not." See also Rosenkoetter v. Fleer, Mo.Sup., 155 S.W.

2d 157; Rayburn v. Fricke, Mo.App., 243 S.W.2d 768. We think instruction 6 is different from the instructions considered in those cases, and not prejudicially erroneous in view of the whole submission herein, because it commences "even though you find that defendant was negligent in some respect mentioned in these instructions", and concludes with the requirement of a finding that plaintiff's negligence in any of the respects submitted caused "the collision between the two vehicles at said time and place." The only negligence of defendant mentioned in the instructions (submitted by instruction 1, with substantially the same concept submitted defensively by converse humanitarian instruction 2) was "defendant failed to yield to plaintiff by driving his vehicle onto U. S. Highway No. 40, a through street, and into the path of plaintiff's vehicle when plaintiff's vehicle was approaching said intersection so closely as to constitute an immediate hazard." See Sommer v. St. Louis Public Service Co., Mo.App., 262 S.W.2d 335 for an instruction based on failure to yield right-of-way; see also Devoto v. St. Louis Public Service Co., Mo.App., 251 S.W.2d 355; Nichols v. Schleusner, 227 Mo.App. 1106, 59 S.W.2d 708. Thus by this reference to defendant's negligence mentioned in other instructions in connection with the requirement "at said time and place", plaintiff's duty to slacken speed as submitted by instruction 6 would reasonably be construed to commence after defendant drove onto Highway 40 "when plaintiff's vehicle was approaching so closely as to constitute an immediate hazard." The issue on the humanitarian negligence submission was whether, after "plaintiff saw and knew, or by the exercise of the highest degree of care could have seen and known, that defendant was in such position of imminent peril", plaintiff could have avoided a collision "by slackening the speed of his automobile sufficiently to allow defendant's automobile to pass in front of him", as submitted in instruction 7; or whether "defendant drove his automobile out onto U. S. Highway No. 40 into the path of plaintiff's automobile so that plaintiff by the exercise of the highest degree of care could not avoid striking defendant's vehicle", as submitted in in-

struction 2. The zone of imminent peril was very narrow because there was no issue of obliviousness. Thus the effect of the whole submission was to limit the time of the commencement of plaintiff's duty to slacken speed at least to the time when defendant was driving onto Highway 40. There was no intimation in any instruction that plaintiff's duty commenced prior to the time defendant was driving onto Highway 40 or was in a position of imminent peril. If plaintiff felt this matter was not clear, he should have offered a clarifying instruction. Hooper v. Conrad, Mo.Sup., 260 S.W.2d 496. Although instruction 6 could and should have been more specific, at least it was not erroneous on any of the grounds urged against it and as stated, we do not consider it prejudicially erroneous under the entire submission in this case.

The judgment is affirmed.

All concur.