Jackie THALLER (Plaintiff), Respondent,

v.

SKINNER AND KENNEDY COMPANY, a corporation (Defendant), Appellant.

No. 29786.

St. Louis Court of Appeals.

Missouri.

Dec. 3, 1957.

Motion for Rehearing or to Transfer Cause to Supreme Court Denied Jan. 3, 1958.

Moser, Marsalek, Carpenter, Cleary, Jaeckel & Hamilton, Byron G. Carpenter, Parks G. Carpenter, St. Louis, for appellant.

Marvin G. Marshall, William L. Mason, Jr., St. Louis, for respondent.

ANDERSON, Judge.

This is an action by Jackie Thaller, as plaintiff, against Skinner and Kennedy Company, a corporation, as defendant, to recover damages for personal injuries alleged to have been sustained on December 8, 1954, as the result of a collision between an automobile driven by plaintiff and a truck owned by defendant which was being operated by defendant's employee, Marlin Trice. The trial below resulted in a jury verdict in favor of the plaintiff and against the defendant for $10,000. This amount was subsequently reduced, by remittitur, to $3,500, and judgment entered accordingly. Defendant has appealed.

The petition alleged that on the day in question plaintiff was operating her automobile eastwardly on Market Street and was caused to stop at an electric stop signal at the intersection of Market and Twelfth Streets; that thereafter her automobile was violently struck in the rear by a truck operated by Marlin Trice, who was an employee of Skinner and Kennedy Company and at the time was acting as agent of said company. The negligence alleged was that said Marlin Trice "negligently and carelessly allowed his said automobile to run into and collide with the rear end of automobile which plaintiff was operating and thereby caused plaintiff to suffer serious, severe and permanent injuries."

Defendant, by its answer, admitted its corporate existence, that Marlin Trice was its employee, and the fact that the collision

occurred, but denied all other allegations of said petition. As an affirmative defense, it was averred that plaintiff's injuries, if any, were the result of her own carelessness and negligence directly contributing thereto.

The collision out of which this action arose occurred in the City of St. Louis on December 8, 1954, a few minutes after four o'clock p. m. Plaintiff had just completed some shopping and was on her way home. She left a parking lot on Fourteenth Street and drove west on Locust to Fifteenth. She then drove south on Fifteenth Street. Shortly after entering Fifteenth Street defendant's truck pulled in front of her, causing her to stop suddenly. In so doing, she killed the engine of her car. She was slightly irritated by this incident. However, no words were exchanged between plaintiff and defendant's driver at that time. Thereafter, plaintiff proceeded south on Fifteenth Street to Market Street, made a left turn to go east, and proceeded eastwardly in the lane of traffic next to the curb lane. Somewhere on Fifteenth Street plaintiff got ahead of defendant's truck. Market Street has four lanes for traffic, with an added lane on each side for parked cars. Plaintiff intended to turn right at Twelfth Street. Cars were parked along the south side of Market Street to within approximately one block of Twelfth Street.

Plaintiff proceeded eastwardly on Market Street at 20 or 25 miles per hour. When she reached a point about 30 or 35 feet from the Twelfth Street intersection she cut into the curb lane, intending to turn south. As she was doing this, the stop light was turning from green to yellow. She was at that time traveling about 20 miles per hour, and had her foot on the brake. Plaintiff had not seen defendant's truck after leaving Fifteenth Street and before cutting into the curb lane of Market Street. She looked in her rearview mirror before moving to the curb lane, but saw no traffic behind her. She brought her automobile to a stop, in the curb lane, when she got to Twelfth Street. She then looked into her rearview mirror and saw defendant's truck coming behind her and knew it could not stop. The weather was misty and foggy. The windshield wipers on plaintiff's car were operating. The right front of the truck struck the left rear fender and tail light of plaintiff's car.

Marlin Trice testified on behalf of defendant. He testified that he turned east off Fifteenth Street onto Market, intending to make a right turn at Twelfth Street He was traveling about 16 or 17 miles per hour as he approached Twelfth Street. After passing some cars parked along the south side of Market Street, he pulled over into the curb lane. He continued in that lane and when he was about one and one-half truck lengths from the intersection he saw the plaintiff's car coming into the curb lane ahead of him. At that time the traffic light was changing from green to amber. He immediately applied his brakes, and the truck started to slide. Plaintiff then came to a stop, and the truck slid into the rear end of plaintiff's car.

■ On this appeal, defendant first complains that its motion for a directed verdict should have been sustained for the reason there was no showing of actionable negligence on the part of the defendant. In passing on this assignment we are confined to the issues submitted. Guthrie v. City of St. Charles, 347 Mo. 1175, 152 S. W.2d 91.

The negligence hypothesized in plaintiff's verdict directing instruction was failure of the defendant to exercise the highest degree of care to keep a careful watch and lookout ahead and laterally, and to timely stop said truck. No complaint is made that this constituted a departure from the negligence charged in the petition. Absent such complaint, we will consider the negligence submitted as a more particular and detailed hypothesis of the pleaded charge.

■ The negligence submitted was "one compound negligent act," i. e., fail-

ure to keep a careful watch and lookout ahead and laterally and to stop upon the appearance of danger of collision. De Voto v. St. Louis Public Service Co., Mo.App., 251 S.W.2d 355; Douglas v. Whitledge, Mo. App., 302 S.W.2d 294, 303. A definition of the duties imposed upon an operator of a motor vehicle in such cases has been well stated in the concurring opinion of Judge Stone in the Douglas case, supra, in the following language:

> "Although his duty to maintain a careful lookout was a continuous one, plaintiff's duty to act in any other respect submitted in instruction D–7, i. e., to stop, slacken speed or swerve, would have arisen only when plaintiff saw or realized, or in the exercise of the highest degree of care could have seen or realized, that there was danger of a collision with defendant's automobile. Stakelback v. Neff, Mo. App., 13 S.W.2d 575, 577; De Voto v. St. Louis Public Service Co., Mo. App., 238 S.W.2d 66, 72–73; Id., Mo. App., 251 S.W.2d 355, 358–359; Greenwood v. Bridgeways, Inc., Mo.App., 243 S.W.2d 111, 114(4–5); Rayburn v. Fricke, Mo.App., 243 S.W.2d 768, 770; Burke v. Renick, Mo.App., 249 S.W.2d 513, 517."

It is clear from the evidence that no liability could be based upon defendant's failure to take precautionary measures prior to the time plaintiff started to enter the curb lane of Market Street. Until that time plaintiff's line of travel was outside the path of defendant's truck, and there is no evidence to indicate an intention on her part to alter her course. When she reached a point 30 or 35 feet from the intersection she entered the curb lane and made a sudden stop in front of defendant's truck. That was the time when defendant's truck driver should, by keeping a careful lookout, have seen plaintiff in apparent danger and have taken measures calculated to prevent a collision. Smiley v. Kenney, Mo.App., 228 S.W. 857. That defendant's driver could have seen plain-

tiff's car at that time is clear. It was directly in front of the truck and in plain sight. But that fact alone was not sufficient to make a case. It was incumbent upon plaintiff to also show that defendant's driver had the ability thereafter to avoid the collision. Otherwise, there was no showing of proximate cause—a necessary ingredient of plaintiff's case as submitted. The plaintiff failed to do this. There was no evidence as to where the defendant's truck was at the time plaintiff started her turn; nor is there any evidence concerning the distance it would take to stop the truck traveling at the rate of speed it was, under the conditions then prevailing. In the absence of such evidence, there was no proof that the proximate cause of plaintiff's injuries was the truck driver's failure to keep a lookout and to stop his truck. The jury could not so find except by speculation and conjecture.

In our opinion, the plaintiff failed to make a case for the jury, and the trial court erred in failing and refusing to sustain defendant's motion for a directed verdict.

In view of our holding that plaintiff failed to make a case for the jury, it is unnecessary for us to notice the appellant's other assignments of error.

The judgment is reversed.

RUDDY, P. J., and MATTHES, J., concur.

### On Motion for Rehearing or to Transfer Cause to Supreme Court

ANDERSON, Judge.

In respondent's motion for rehearing it is urged that the court overlooked certain testimony favorable to plaintiff's case which, if considered, would require us to hold that plaintiff made a case for the jury.

Plaintiff, on direct examination, testified that when she turned east off of Fifteenth Street there were automobiles parked in

the south curb lane of Market Street in the area between the City Hall and Municipal Courts Building. She further testified that after she passed those cars she turned into the south curb lane and traveled eastwardly therein for almost a full block. However, on cross-examination, plaintiff testified that she entered the curb lane when about 30 or 35 feet from the Twelfth Street intersection.

Under this state of the record, plaintiff may not rely upon her testimony given on direct examination. Being a party to the cause, any statement made by plaintiff against her interest while on the witness stand must be taken as true in the absence of a showing that it was induced through mistake, misunderstanding, or lack of definite recollection. Partney v. Agers, 238 Mo.App. 764, 187 S.W.2d 743; Steele v. Kansas City Southern R. Co., 265 Mo. 97, 175 S.W. 177; Hayes v. S. S. Kresge Co., Mo.App., 100 S.W.2d 325; McCoy v. Home Oil & Gas Co., Mo.App., 60 S.W.2d 715; De Lorme v. St. Louis Public Service Co., Mo.App., 61 S.W.2d 247; Madden v. Red Line Service, Mo.App., 76 S.W.2d 435. Plaintiff made no attempt to explain away the admissions made during the cross-examination.

The motion for rehearing or to transfer cause to the Supreme Court is overruled.

RUDDY, P. J., and MATTHES, J., concur.