ASHCRAFT *v.* ALFORD, et al.

No. 41054          March 2, 1959          109 So. 2d 343

26

*Crawley & Brooks,* Kosciusko, for appellant.

*Helen McDade,* DeKalb; *Strong & Smith,* Louisville, for appellees.

HALL, J.

This suit was brought on behalf of the six children of Mrs. Callie Eakes for the recovery of damages for her wrongful death alleged to have resulted from the negligence of the appelant when he drove his automobile past a stop sign on highway No. 397 at its intersection with highway No. 16. Highway No. 16 had the right of way over highway No. 397 and in driving past the

stop sign and into highway No. 16 the appellant ran into a pickup truck in which Mrs. Eakes was riding on highway 16 and threw her from the truck, as a result of which she sustained fatal injuries.

The appellant filed a detailed answer to the declaration and denied every charge of negligence alleged therein.

When the case came on for trial, counsel for appellant made a lengthy oral statement to the jury in which he admitted that the appellant was guilty of negligence, but he undertook to explain the same to the jury, in his opening statement and in conclusion assured the jury that the appellant had nothing to conceal, admitting liability and admitting negligence and said that the only question in the world for the jury to consider is how much damages would be reasonable under the particular circumstances in this case, and counsel further exhibited fifty $100 bills amounting to the sum of $5,000 and tendered this to the plaintiff's in settlement of the claim and offered also to pay all accrued court costs. Counsel for the plaintiff declined to accept the $5,000 in settlement of the claim and stated to the court that since the defendant had admitted liability, he would not put on any proof except as to damages.

The proof showed that the children of Mrs. Eakes all lived in the same community and all were married except a son with whom she lived and for whom she kept house and did all the cooking. The daughters visited her regularly and there was a great affection between them. The deceased was 67 years of age and a mortality table introduced in evidence shows that she had a life expectancy of 16.5 years. In addition to keeping house and cooking for the single son she raised chickens, fed the hogs, did the milking and did all her housework. The daughters would gather with her frequently and they would work together, oftentimes quilting.

■■ ■ The jury returned a verdict in favor of the plaintiffs for $17,500, from which comes this appeal. Only two points are raised by appellant. The first is a complaint against an instruction on damages and only that part of the instruction which told the jury "you may consider the present net cash value of the life of the deceased at the time of her death."

Our wrongful death statute is Sec. 1453 of the Miss. Code of 1942 (Rec.) and amongst other things this section says: "In such action the party or parties suing shall recover such damages as the jury may determine to be just, *taking into consideration all of the damages of every kind to the decedent* and all damages of every kind to any and all parties interested in the suit." (Emphasis ours.)

In the case of Bush v. Watkins, 224 Miss. 238, 80 So. 2d 19, the Court in construing an instruction which authorized a recovery for "the present net cash value of the life of the deceased, Billy E. Watkins, at the time of his death" held that such an instruction does not constitute error. To the same effect is Southern Pine Electric Power Association v. Denson, 214 Miss. 397, 57 So. 2d 859, 59 So. 2d 75. See also the case of Gordon v. Lee, 208 Miss. 21, 43 So. 2d 665 which is to the same effect and also New Deemer Manufacturing Co. v. Alexander, 122 Miss. 859, 85 So. 104, and Cumberland Telephone and Telegraph Co. v. Anderson, 89 Miss. 732, 744, 41 So. 263.

In view of these authorities we think there is no merit whatever in appellant's first contention.

■■ ■ Next and finally, the appellant argues that the court erred in overruling its motion for a new trial on the ground that the verdict is excessive. In view of the close family relationship between these parties, we do not think there is any merit in this contention and that the evidence fully sustains the amount of the award. In the case of Gulf Transport Co. v. Allen, 209 Miss. 206, 46 So. 2d 436, there was an award of $25,000 for the

death of a woman much older than the deceased in this case and a majority of the judges voted to reduce that judgment to $17,500. We think that the judgment appealed from in this case should be affirmed.

Affirmed.

*Roberds, P. J.,* and *Lee, Kyle,* and *Holmes, JJ.,* concur.