208 So.2d 770 (1968)
William G. MARR, Jr., and Morris Laughter
v.
Mrs. Bessie NICHOLS.
No. 44839.
Supreme Court of Mississippi.
April 1, 1968.
*771 Wilroy & Wilroy, Walker, Franks, Rone & Bridgforth, Hernando, for appellants.
Charles C. Finch, Ben Barrett Smith, Batesville, Walter Buford, Memphis, Tenn., for appellee.
JONES, Justice:
In DeSoto County, Mississippi, State Highway Number 305 is a hard-surfaced two-lane road which extends generally north and south and which intersects on the crest of a hill a gravel road known as College Road which runs generally east and west. Appellee, also the cross-appellant, lived west of Highway 305. About 7:30 p.m. on Saturday, April 19, 1966, appellee (hereinafter called Mrs. Nichols) was on the way to church with her husband who was driving the car. The church was situated south of the intersection of Highway 305 and College Road. They entered Highway 305 and turned south. About one hundred yards south of the intersection they were struck from behind by a car owned by appellant Laughter and being driven by appellant Marr. As a result thereof Mrs. Nichols received numerous and serious injuries. Suit was filed in the Circuit Court of DeSoto County as the result. The judge below peremptorily instructed the jury for the plaintiff on liability and submitted to the jury the question of damages alone. The verdict was for $6,250. Thereafter a motion for a new trial was made by Mrs. Nichols alleging that the verdict of the jury was grossly inadequate.
The circuit judge sustained the motion and granted to Mrs. Nichols a new trial on the issue of damages alone. It is from this order the appellants appeal. Mrs. Nichols cross-appeals.
Appellants assign as error (1) the granting of a directed verdict in favor of appellee (2) the granting of the motion for a new trial solely on the question of damages, and (3) the failure to sustain the motions of the appellants for mistrial.
The cross-appellant assigns as error (1) the granting of a comparative negligence instruction to the appellant (2) the granting of instructions that the negligence of the driver of the automobile in which Mrs. Nichols was riding might be imputed to her (these included one on joint venture), and (3) the refusal to allow into evidence certain photographs offered by Mrs. Nichols. We are affirming and remanding on direct appeal and reversing and remanding on cross-appeal.
The pertinent facts were that Mrs. Nichols and her husband were on the way to their church. They came from the west along College Road to the intersection of Highway 305. Each of them testified that they drove to the intersection, stopped before entering thereon, looked both ways, and saw no cars. Thereupon they drove upon Highway 305 and headed south. After proceeding about one hundred yards on the highway, they were struck a terrific blow from the rear. Their car was knocked to the right of the road with the front turned in the direction of the intersection. The other car went off the left-hand side of the road and was also turned back toward the intersection.
One of the appellants, Mr. Laughter, was called as an adverse witness, but his testimony was of no benefit in explaining how the collision occurred. He testified that he did not know what happened.
The only eyewitness who testified, other than Mr. and Mrs. Nichols, was a man by the name of Yon. He was on his way from Olive Branch to Lewisburg and was traveling on Highway 305 in a southerly direction. As he approached the crest of the hill and the intersection, the appellants passed him. The witness turned off the edge of the highway to let them come by. He estimated their speed as they passed him at seventy miles per hour. He said the appellants passed him just before he got to the intersection warning sign which was later shown to be about 500 feet north of the intersection. From then until the *772 time of the collision they were not out of his sight, and he saw them run into the back of Mr. Nichols' car. He estimated the distance from the intersection south to the place of the collision at about one hundred feet (later shown to be 289 feet). He stated that both of the cars had tail-lights. He first saw the taillights of Mr. Nichols' car just before the appellants passed him. By this Mr. Nichols would have entered the intersection, which was some 500 feet south of where the defendants were. Yon didn't think the cars turned over when they collided, they did turn around so that both of them were facing back in a northerly direction. Mr. Nichols' car was on the right-hand side, and the other car was on the left-hand side. Yon also testified that the northbound lane of traffic was clear at the time of the collision. An effort was made to construe Yon's testimony to the effect that the Nichols' car did not stop before it entered the intersection. His testimony is not subject to such construction. Yon said several times he did not see the Nichols' car stop, but he also stated he didn't know because the car could have stopped before it came into his view. He was about 500 feet north.
Mr. Sewell, a highway patrolman, arrived at the scene about six minutes after the accident. He made a plat of the area to illustrate his testimony. He testified that the distance from the center of the intersection to the markings on the pavement was 289 feet. Therefore, according to the testimony of Mr. Yon and the highway patrolman, Mr. Nichols' car was 500 feet ahead of the defendant's car at the time it entered the intersection. After traveling about 300 feet, it was overtaken and struck by the car of the defendants while the northbound lane of the road was open. The other defendant, Mr. Marr, did not testify. However the highway patrolman talked to him and was told that he did not know what happened and he did not see any other car. In addition to the facts stated above, it was undisputed that the two appellants had been drinking beer during a large part of the afternoon.
On this proof the lower court did not err in granting a peremptory instruction on liability to Mrs. Nichols. During the course of the trial, appellant made more than one motion for a mistrial. The lower court overruled the motions but amply instructed the jury; therefore, we do not think the refusal of the mistrials was harmful error.
We do not think the court erred in sustaining the motion for a new trial on the question of damages alone. Two doctors, a plastic surgeon and an orthopedic surgeon, testified as to the injuries of Mrs. Nichols. We do not believe it necessary to set out here all the evidence as to her injuries because the judge of the lower court held that the amount of the verdict was inadequate and ordered a new trial. We cannot say he was wrong, particularly in view of the fact that erroneous instructions on the question of damages were given to the jury. Instruction number three for the defendant, Marr, involves the question of joint venture. It instructed the jury as follows:
[T]hat if you believe from the evidence that William E. Nichols was driving the vehicle at the time of the accident, while on a joint venture with the Plaintiff, Mrs. Nichols, and if you further believe from the evidence that at such time and place, Mr. Nichols was under the joint control and direction of himself and Mrs. Nichols, then any negligence of Mr. Nichols then and there committed is attributable to the Plaintiff, Mrs. Nichols.
This instruction is wrong. There is no evidence in the record before us of a joint venture. Mrs. Nichols was simply riding in the car driven by her husband on the way to church. This instruction and another hereafter mentioned gave the jury the right to impute the negligence, if any, of Mr. Nichols to his wife. First, we are unable to locate in this record any evidence of negligence *773 on the part of Mr. Nichols which proximately contributed to the accident. And in the next place, there is no evidence by which the negligence of the husband can be imputed to the wife. The instructions left these questions to the jury, but the questions of whether or not such a trip constitutes a joint venture and whether or not the negligence of the husband is imputable to the wife are questions of law when the facts are undisputed. There was no dispute in this record on those facts. The record discloses nothing by which Mrs. Nichols could be said to have been negligent or to justify the application of the comparative negligence doctrine to her. Similar instructions were given to the defendant, Laughter, and are erroneous for the same reason. McCorkle v. United Gas Pipe Line Co., 253 Miss. 169, 175 So.2d 480 (1965).
A number of photographs of Mrs. Nichols were offered in evidence. The court sustained objections to several of them and overruled objections to others. Some were colored pictures of Mrs. Nichols' head taken at the hospital. The doctor said he had taken them in color and apparently arranged them because they assisted him in his plastic surgery. They were objected to as being gruesome and as having a tendency to inflame the jury. We think rulings on these objections are largely within the discretion of the trial court, although this Court on occasion has acted upon such matters.
Mrs. Nichols relies upon the case of Illinois Central Railroad Company v. Pigott, 254 Miss. 429, 181 So.2d 144 (1965) in which this Court held that the photograph of the body of the deceased lying upon the ground in flames was admissible. The Court stated this picture was in the chain of facts proving identity of the plaintiff and his location at the scene of the accident. There were other burned and charred bodies found at the scene of that accident, and this Court held that the picture was relevant and pertinent to the issue.
We do not think this same rule applies to the photographs here involved, and we cannot say that the lower court was wrong in the exclusion of some of the photographs and the admission of others.
On direct appeal, we are affirming the action of the lower court in granting a new trial on the question of damages alone. On cross-appeal, we are reversing because of the erroneous instructions hereinbefore mentioned. The case is remanded.
Affirmed and remanded on direct appeal; reversed and remanded on cross-appeal.
ETHRIDGE, C.J., and PATTERSON, INZER and ROBERTSON, JJ., concur.