Albert E. WOODARD, Administrator of the Estate of Gladys Grubbs, Deceased, Plaintiff-Appellant,

v.

ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, Defendant-Appellee.

No. 27530.

United States Court of Appeals
Fifth Circuit.

Nov. 20, 1969.

Rehearing Denied Dec. 29, 1969.

Leslie Darden, Lester F. Summers, New Albany, Miss., for plaintiff-appellant.

D. W. Houston, Jr., Claude Chamberlin, Aberdeen, Miss., C. R. Bolton, Tupelo, Miss., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and JONES and CARSWELL, Circuit Judges.

JONES, Circuit Judge.

Boyce Grubbs and Gladys Grubbs, his wife, resided in New Albany, Mississippi. On December 18, 1966, they went by pickup truck, which was owned by the husband, to the rural residence of Mr. and Mrs. Cobb. She was a cousin of Mrs. Grubbs. With them was their minor daughter. The Cobbs lived approximately five miles from the home of the Grubbs. In addition to a social visit the trip had as its purpose the borrowing of a sausage grinder which the Grubbs intended to use for grinding fresh coconut for use in making candy for the Christmas holidays. The Grubbs left for home in the afternoon. Mr. Grubbs was driving. On the return trip the truck was struck at a grade crossing by a train of St. Louis-San Francisco Railway Company. The accident occurred a few minutes after five o'clock in the afternoon. The Grubbs and their daughter were all killed. An action was brought by Albert Woodard as administrator of the estate of Mrs. Grubbs against the railway company for her wrongful death. The administrator asserted as negligence the operation of the train, the failure to maintain an unobstructed view of the track from the approach to the crossing and the failure of the railway company to maintain a warning sign at the approach to the crossing. The railway company contended that Boyce Grubbs, the driver of the truck, was guilty of contributory negligence. Included in the instructions of the court to the jury was the following:

"In making this trip, Mr. and Mrs. Grubbs were engaged in a joint venture or enterprise, and therefore, anything on the part of either Mr. or Mrs. Grubbs in driving the pickup truck is imputable to the other; they being equally responsible for any negligence in the operation of said truck."

The court gave an instruction with respect to the Mississippi statutory doctrine of comparative negligence.

■ The jury returned a verdict in favor of the plaintiff-administrator against the railway company for $15,000. Judgment was entered on the verdict. The administrator has appealed on the single ground that the instruction that the negligence of the husband-driver should be imputed to the wife-passenger was erroneous.[1] We are confronted on this appeal with the narrow question as to whether under the law of Mississippi the negligence of the husband-driver will be imputed to the wife-passenger under the facts and circumstances of the case. The jurisdiction is diversity and the law of Mississippi governs. The marital relationship is not of itself enough to require imputing the negligence of the husband-driver to the wife-passenger. 8 Am.Jur.2d, 232, Automobiles and Highway Traffic, § 680. The factual situation must be such as to show a joint enterprise or joint venture if negligence is to be imputed. Where, as here, there are no disputed facts, the question of whether the imputed negligence doctrine will be invoked is a question of law. Marr v. Nichols, Miss., 208 So.2d 770.

The Supreme Court of Mississippi has had occasion to consider the application of the imputed negligence doctrine in a number of cases where one spouse was driving a motor vehicle and the other was a guest or passenger. In Chapman v. Powers, 150 Miss. 687, 116 So. 609, the court sustained a judgment based on a jury verdict granting a nominal recovery to the wife, stating that where her husband was unfit to drive because of drunk-

[1]. The district court commented and the railway company asserts that the record does not clearly show that the husband was the owner and driver of the truck. The evidence shows registration of the truck in the name of the husband, establishing prima facie his ownership, and there is no evidence to the contrary. The complaint of the administrator alleges that at the time of the fatal accident the husband was the driver and the wife was a passenger. This is admitted by the answer of the railway company. No evidence was required to prove who was driving but some evidence supported the facts established by the pleadings.

enness and she knew it, her husband's negligence became her negligence. It may be doubted that this is a case involving imputed negligence.

In Cowart v. Lewis, 151 Miss. 221, 117 So. 531, 61 A.L.R. 1229, the vehicle was jointly owned by husband and wife. The wife was driving and the husband was seated beside her. In the car were friends who remonstrated with the wife regarding her driving and urged her to slow down because of slick pavement caused by rain. Apparently the husband did not caution his wife regarding her driving. An accident occurred. One of the guests was injured and brought suit against the husband on the theory that the wife's negligence should be imputed to him. The court sustained this view. It is to be noted that the vehicle was jointly owned by husband and wife.

The case of McLaurin v. McLaurin Furniture Company, 166 Miss. 180, 146 So. 877, arose out of a factual situation where a husband driving his employer's car on a combination business and pleasure trip had taken his wife along with the employer's permission and continued to drive over the protest of his wife after the lights on the car had ceased to function. In an action against others involved in the resulting accident the negligence of the husband was not imputed to the wife.

In Avent v. Tucker, 188 Miss. 207, 194 So. 596, the vehicle was owned by the wife and driven by the husband. The two were in the car together. They were starting from their rural home to Minter City, Mississippi, where the husband was to get a paper and the wife was to transact some business. An accident occurred and the husband and wife were made defendants in a suit for damages. Recovery against the wife was permitted and the court in its opinion mentions joint venture liability. The facts of the case seem to indicate an agency relationship subjecting the wife to liability rather than a joint venture situation. The language of the opinion is not such as to permit us to determine the legal theory upon which the Mississippi court sustained the finding of liability of the wife who was owner and passenger for the negligence of the husband who was the driver.

In Illinois Central Railroad Company v. Brashier, 224 Miss. 588, 80 So.2d 739, the wife was injured in a car driven by her husband. The purpose of their travel and ownership of the car in which they were traveling are not shown by the reported opinion. The wife was not charged with any duty nor was the negligence of her husband who was driving imputed to her.

McCorkle v. United Gas Pipeline Company, 253 Miss. 169, 175 So.2d 480, is another case where the husband was driving and the wife was a passenger but the ownership of the car and the purpose of the travel are not shown by the opinion. The husband's negligence was not imputed to the wife.

In the most recent of the Mississippi cases, Marr v. Nichols, *supra*, the husband was driving, the wife was a passenger and the ownership was not shown. They were on their way to church at the time they became involved in a traffic accident. The court held that the going to church was not a joint enterprise of the kind which would require imputing the negligence of the husband-driver to the wife-passenger.

The rule generally prevailing with respect to the imputing of the negligence of a husband-driver to a wife-passenger has been thus stated:

"The negligence of the driver of a motor vehicle is not imputable to his wife who is riding with him as a passenger, in the absence of some element of control or authority over the operation of the vehicle by the wife, and will not prevent her from holding a third person liable for injuries incurred by reason of the concurring negligence of her husband and such third person. A wife, when traveling in a motor vehicle driven by and under the control of her husband, is, with reference to contributory negligence,

in no different position from that which she would occupy if the driver of the vehicle had been a person other than her husband. It is only when the husband is acting as agent for his wife in the operation of the vehicle, or when they are engaged in a joint enterprise, or when the wife otherwise has some right of control over the operation of the vehicle, that the negligence of the driver is imputable to his wife so as to defeat recovery by her for injuries sustained as a result of the concurrent negligence of a third person." 8 Am. Jur.2d 221, Automobiles and Highway Traffic, § 669.

The foregoing rule will be followed in Mississippi. Illinois Central Railroad Company v. Brashier, *supra*. As in other cases, the negligence of the spouse who is driving the vehicle may be imputed to the injured spouse who is a passenger in the vehicle if they are, at the time of the accident, engaged in a joint venture.

We do not find any decided case referred to in the briefs or disclosed by independent research which is factually comparable to the case before us. Perhaps the Court of Appeals of Missouri has given us the most nearly in point cases that are to be found in the published decisions. In Silsby v. Hinchey, 107 S.W.2d 812, the husband and wife were enroute to church in an automobile owned jointly by the husband and his son and driven by the husband. An accident occurred in which the wife was injured. The court held that this was not a joint venture and in the opinion it is said:

"Before the wife may be held to have been engaged in a joint enterprise with her husband so that his negligence, if any, is imputable to her, there must be some such showing in the case as that she owned the automobile or had an interest in it, or else that the mutual purposes to be served by the particular journey were of such an unusual character as to have given rise, not only to a joint responsibility but also to the legal right of joint control, on the part of both husband and wife as regards the operation of the automobile. * * * But, on the other hand, where all that appears in the case is that the wife was merely riding with her husband in the family automobile, which he was driving at the time, and that their purpose was merely to serve their mutual pleasure or to transact the usual and ordinary affairs of the family, with no right of joint control disclosed, then the trip is not to be regarded as a joint enterprise or venture in the sense that the husband's negligence, if any, is to be imputed to his wife." 107 S.W.2d 812, 815.

This principle was followed in the case of Greenwood v. Bridgeways, Inc., Mo. App., 243 S.W.2d 111, where the husband, owner of the car, and the wife were on their way to purchase a foot locker for one of their children when an accident occurred in which the wife was injured. Here again the court held that the negligence of the husband-driver was not to be imputed to the wife-passenger.

■ This Court is in this case "another" Mississippi court and as such we do as we think other Mississippi courts would do and hold that the district court was in error in deciding that on the undisputed facts of the case any negligence of the husband was to be imputed to the wife. It was determined in the district court that the railway company was negligent and that its negligence was a cause of the accident which took the lives of the husband, the wife and their child. The question as to the liability of the railway company need not be relitigated. Indamer Corporation v. Crandon, 5th Cir. 1954, 217 F.2d 391. The amount of damages to be awarded for the negligence of the railway company is the only question to be determined. For this purpose the judgment of the district court will be reversed and the cause remanded.

On the appeal of this case the railway company urges that in the event of a reversal and remand there should be a new trial on the question of liability so

as to permit it to show the active negligence of Mrs. Grubbs. This question was not presented to the district court and is not properly before us on this appeal and will not be considered on this appeal.

Reversed and remanded.