235 So.2d 272 (1970)
Monroe TURNER
v.
Sylvia PICKENS, Robert Thompson and Floyd Turner.
No. 45753.
Supreme Court of Mississippi.
May 11, 1970.
Rehearing Denied June 1, 1970.
Boyd, Holifield & Harper, Laurel, for appellant.
*273 Robert H. McFarland, Bay Springs, L.D. Pittman, Raleigh, for appellees.
INZER, Justice.
This appeal involves three personal injury suits filed by plaintiffs-appellees Sylvia Pickens, Robert Thompson, and Floyd Turner in the Circuit Court of Smith County against appellant Monroe Turner, seeking damages for injuries alleged to have been caused by the negligence of the appellant. The case of Sylvia Pickens was tried at the October 1968 term of the court and resulted in a jury verdict for the defendant. However, on motion of Sylvia Pickens a new trial was granted. At the next term of the court the three cases were consolidated and tried, resulting in a jury verdict in favor of plaintiff-appellees. The jury awarded Sylvia Pickens $4,000, Robert Thompson $2,000, and Floyd Turner $4,000. The trial court found that the award of damages in each case was excessive and ordered a new trial unless a specified remittitur was entered in each instance. Sylvia Pickens entered the specified remittitur of $1,250, Robert Thompson $500 and Floyd Turner $1,250. From the judgments, as reduced by the remittitur, Monroe Turner appealed. We affirm.
Appellees were injured as a result of a one vehicle accident that happened in November 1965 near Manhattan, Illinois. Appellant and appellees are residents of Smith County, Mississippi. A few weeks before the accident, appellant purchased a second hand pickup truck. He desired to go to Indianapolis, Indiana, to see his brother who was ill. Appellees and others desired to make the trip with him, so appellant built what is referred to in the testimony as a "doghouse" on the body of the truck. It was agreed that appellees would help bear the expense of the trip. Before they could begin their journey, appellant's brother died. Thus, the purpose of the trip became one of attending the funeral and visiting relatives in and around Chicago. They departed on Thursday, November 11 with appellant, his wife, and Sylvia Pickens riding in the cab of the pickup truck. The other two appellees and four other persons were riding in the doghouse. They reached Indianapolis and after attending the funeral, they visited relatives and friends in and around Chicago until the following Tuesday. On this day they started their journey home, leaving, Joliet, Illinois, about 8 a.m. on the fateful day. They were seated in the truck in the same position as they were when they left Mississippi. It was a cloudy day and misting rain. After they had traveled about twenty minutes they reached a point south of Manhattan, Illinois, where the accident happened. The road at this point was relatively straight and flat and was a two-lane highway. All agree that Monroe Turner was driving between 35 and 40 miles per hour just before the accident. The truck suddenly veered and appellant, in his attempt to straighten out the truck in the highway, lost control of it and it turned over. Appellees were injured in the accident and were carried to Joliet to the hospital where they were treated.
Appellant's first assignment of error is that the trial court was in error in sustaining Sylvia Pickens' motion for a new trial when her case was tried at the October 1968 term of the court. There was practically no conflict in the evidence relative to how the accident happened. Appellant in describing how the accident happened, among other things said:
All at once my truck made a bauble and cut to the right and I went to straighten it up and it kept getting worse and worse, looked like I never could straighten it up so all at once then it just flopped right over. * * * It turned one way and it turned so hard that it got slap out of my hand, and when it did that, why, over we went.
Further on in his testimony he said:
Well, it was just going this way and that way and all at once it just, that wheel *274 just spinned around and it just flipped over.
It is apparent from appellant's own testimony that he lost control of the vehicle by allowing the steering wheel to spin out of his hand. The trial judge in his opinion, among other things stated:
There is, as a matter of fact, in this case no scintilla of conflicting testimony. It is simply a question of whether the defendant was negligent. Significant on this point is the fact that the plaintiff was riding in the vehicle being operated by the defendant and the vehicle overturned and the plaintiff was injured to some extent. The record establishes that no other vehicle was involved, that the highway was practically straight and level and there were no facts or circumstances showing a sudden emergency and, as a matter of fact, this theory was not injected by the defendant. The defendant had to be negligent for the event to have occurred under these circumstances. If there had been any conflicting evidence, the verdict of the jury would not be disturbed by the Court, but there was absolutely none.
Under the facts then before the court we cannot say the trial judge was in error in granting a motion for a new trial.
The second point argued by appellant is that the trial court erred in overruling his motion to exclude the evidence and direct the jury to return a verdict in his favor. We find no merit in this contention. Appellant argues that the cause of the accident was a defective condition of the tires and because of this, appellant did all that he could to control his vehicle. The only evidence relative to flat tires was that after the accident both rear tires were flat. No one heard a tire blow out. Appellant assumed that because the tires were flat after his truck turned over that this was the cause of his truck suddenly swerving. We think it was clearly a jury issue not only as to whether defective tires caused his vehicle to swerve, but also whether appellant was negligent in failing to exercise reasonable care to control his vehicle after it swerved. Burnett v. Avera, 203 So.2d 788 (Miss. 1967); Phillips v. Delta Motor Lines, Inc., 235 Miss. 1, 108 So.2d 409 (1959).
Appellant next argues that the trial court erred in failing to hold that the laws of the State of Illinois were controlling and that there was not proof of willful and wrongful misconduct on the part of appellant as required by the laws of that state. In applying the law of this state the trial court correctly followed our holding in Mitchell v. Craft, 211 So.2d 509 (1968), wherein we modified the pre-existing rule which invariably applied the law of the place of injury and held that under factual situations such as in this case, the most substantial relationship of the parties and the dominant interest of the forum required the application of Mississippi law.
We find no merit in appellant's contention that the verdicts of the jury are so excessive as to be shocking to the enlightened conscience of the court and the trial court erred in granting certain instructions relative to damages. The trial judge was of the opinion that the verdicts of the jury were excessive and sustained a motion for a new trial unless each of the appellees entered a specified remittitur. Appellees entered the remittitur as required. We have carefully examined the evidence in relation to the nature and extent of the injuries and the instructions by the court upon this question. The trial judge observed the witnesses and heard the testimony and was in a much better position to judge the nature and extent of appellees' injuries than we are from the record. We presume that the trial judge also considered the alleged errors in the instructions relative to damages After considering these things the trial judge determined that the new trial should be granted unless the remittiturs were entered. We look with favor upon a trial judge accepting the duty and responsibility of remedying excessive *275 verdicts as was done in this case. We cannot say that the remittiturs were inadequate. The judgments as reduced are supported by substantial evidence.
For the reasons stated the judgments of the circuit court are affirmed.
Affirmed.
ETHRIDGE, C.J., and JONES, PATTERSON, and ROBERTSON, JJ., concur.